SNELLING (LAVERTY v.). See Case No. 8,124.

## Case No. 13,141.

### In re SNOW.

[2 Curt. 485.] 1

Circuit Court. D. Massachusetts.  Oct. Term, 1855.

BAIL—ADMIRALTY—PROCEEDING AGAINST SURETY —RETURN.

After a final decree for the libellant in a suit in personam, in which the respondent gave bail to appear and abide, the libellant may apply to the court, show that the respondent has gone beyond seas, and thereupon obtain a monition to the bail to appear and show cause why they should not be decreed to satisfy the damages and costs; and it is not sufficient cause to be shown by the bail that no execution against the principal has been returned non est inventus.

Peter Vickman had a decree at a former day, against Loring Snow, for damages and costs.  After the decree was entered on application to the court, the following order was passed: "On motion of C. G. Thomas, proctor for the libellant in the above entitled cause, the court being satisfied that the said Snow has gone beyond seas, it is ordered that a monition issue to Augustus Hemmenway, to show cause, if any he has, why he should not pay the judgment awarded in this court at the present term thereof, against Loring Snow in admiralty in the libel of Peter Vickman, wherein said Hemmenway was bail tor said Snow.  And further to show cause why the motion of the proctor for said libellant for process against said bail should not be granted."

[See Cases Nos. 13,149 and 18,042.]

The monition thus directed having been served and returned, the parties appeared, and Mr. Dehon showed cause.

C. G. Thomas, contra.

CURTIS, Circuit Justice.  In this case the libellant had a decree against the respondent for damages for a tort, at the last term. After the decree was entered, the libellant's proctor appeared and offered evidence to show that the respondent had gone beyond seas, and he moved for a monition to Augustus Hemmenway, who became bail for the respondent, upon his arrest, to show cause why execution should not be issued against him.  The monition was issued and made returnable to this term; and Hemmenway having appeared by his counsel, shows for cause that the condition of this bail bond not being to pay the damages which might be decreed, but duly to appear and

1 [Reported by Hon. B R. Curtis. Circuit Justice.]

answer and abide the final decree, there is no breach of the bond until an execution shall have been issued and returned non est inventus.  But I am of opinion that it is not necessary to take out an execution against the principal to charge such bail in the admiralty.  It is in conformity with the practice of the high court of admiralty in England, to proceed summarily against the bail, in a case where the principal has gone out of the kingdom, by issuing a monition to the bail to show cause why execution should not go against them, without citing the principal, or issuing any process against him.  Clarke, Prax. arts. 64, 65.  It is upon this practice that the rule No. 3 for the admiralty practice of the district court was framed.  Though it authorizes the marshal to take bail with a condition to pay, as well as to appear and abide, and in this case the condition was only to appear and abide, yet the summary proceeding directed on a breach of condition, is applicable to a breach of one or the other of those conditions.  There is no more reason why the libellant should be required to pursue the principal by an execution, when the bail stipulates that the principal shall appear and abide, than there is where the bail stipulates that he should pay as well as appear and abide.  In Lane v. Townsend [Case No. 8,054], Judge Ware examined the subject of the rights of bail, with his usual learning and ability; and considers that a monition to show cause and a decree thereon, fixes the bail, though a return of non est inventus does not.  In the case of The Harriett, 1 W. Rob. Adm. 193, a doubt was expressed how far it was necessary to prosecute the principal in the first instance, before proceedings could be instituted against the bail.  In that case, it was held that the bankruptcy of the principal was cause for not first taking process against him.  This must have been because there was no technical rule, like that at common law, requiring an execution against the principal to be returned unsatisfied, as a necessary foundation for proceedings against the bail.  And that it was sufficient to satisfy the court that process against the principal would be fruitless.  If he is beyond seas, when the time for satisfying the decree has arrived, it is certain he has not abided the decree that the condition of the bond is broken, and that any process against him would be fruitless.  And where, as in this case, this is made to appear, and thereupon the bail has further time allowed to show cause, and shows none except the failure of the creditor to do a vain act, by taking execution against one who is out of the jurisdiction, I have no doubt execution should go against him.  Domat (Cush. Ed.) notes 1866, 1867.